**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
Marc B. Robinson, Esq. (SBN 119364)
3255 W. March Lane, Suite 230
Stockton, California 95219
Telephone:   (209) 954-9001
Facsimile:   (209) 954-9091
matthew@robinsonbradford.net

**TRAHAN LAW GROUP**
Ivan Trahan, Esq. (SBN 75143)
43471 Ridge Park Drive, Suite A
Temecula, California 92590
Telephone:   (951) 693-2080
Facsimile:   (951) 257-5805
bkattorney@earthlink.net

Attorneys for Plaintiffs,
Matthew and Jaime Fallesen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FALLESEN, an individual<br>JAIME FALLESEN, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION, and<br>ALLIED INTERSTATE, LLC.<br><br>Defendants. | Case No.: 5:14-cv-583<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ (THE TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Matthew Fallesen and Jaime Fallesen allege the following upon information and belief based upon personal knowledge:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ

*Fallesen v. General Electric Capital Corp, et al, 5:14-cv-583*

- 1 -

## NATURE OF THE CASE

1.  Plaintiffs bring this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of General Electric Capital Corporation and Allied Interstate, LLC (individually "GE Capital" and "Allied" respectively and collectively "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C.§227 et seq.* ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law. Specifically, Defendants have repeatedly violated 47 U.S.C. section 227 subparagraph (b) as is more thoroughly described below.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendants do business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County.

## PARTIES

4. Plaintiffs are natural persons residing in California and are "persons" as defined by 47 U.S.C. section 153 (39). Plaintiffs are husband and wife.

5. Defendant GE Capital is a national leader in lending and is a "person" as defined by 47 U.S.C. section153 (39).

6. Defendant Allied is a debt collection agency and is a "person" as defined by 47 U.S.C. section153 (39).

7. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."

8. Plaintiffs are informed and believe that at all times relevant each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ

*Fallesen v. General Electric Capital Corp, et al, 5:14-cv-583*

- 3 -

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

9.  In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Practices Act (47 U.S.C. §227, et seq).

10. Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones. More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

11. The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls. Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

### Defendants' Practice of Robocalling Mrs. Fallesen on her Cell Phone

12. Beginning on or around October 29, 2013, G.E. Capital contacted Mr. and Mrs. Fallesen on their cellular telephones in an attempt to collect an alleged outstanding debt owed by Plaintiffs.

13. On multiple instances, G.E. Capital placed at least two calls in a single day to up to ten calls in a single day to Mr. and Mrs. Fallesen's cellular telephone, seeking to collect the alleged debt owed by Mr. and Mrs. Fallesen. In all, G.E. Capital placed at least 49 calls to Mrs. Fallesen's cell phone.

14. On or about December 9, 2013, G.E. Capital assigned to Allied the alleged right of G.E. Capital to collect the alleged debt. On December 9, 2013, Allied called Mr. and Mrs. Fallesen at least six times. From December 9, 2013 through January 15, 2014, Allied called Mr. and Mrs. Fallesen at least 99 times on their cell phones using an automatic telephone dialing system.

15. At all times relevant, Defendants used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place calls its calls to Mr. and Mrs. Fallesen seeking to collect the debt allegedly owed by them.

16. Defendants calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

17. Defendants' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs may incur a charge for incoming calls pursuant to 47 U.S.C §227(b)(1).

18. According to information and belief, Defendants never received Mr. and Mrs. Fallesen's "prior express consent" to receive calls on using an automatic

telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A). Mr. and Mrs. Fallesen have asked Defendants to provide proof of any "prior express consent" for Defendants to call them on their cell phones. Defendants have failed to provide any proof of said consent.

19. If Mr. and Mrs. Fallesen did unwittingly give Defendants "express consent", they later revoked said "express consent" by sending a letter revoking any consent to G.E. Capital via the United States Mail, Certified Mail, Return Receipt Requested.

20. Despite receiving notice from Mr. and Mrs. Fallesen to cease all calls to their cellular telephones, receipt of which was acknowledged by G.E. Capital when it signed the return receipt for the certified mail, G.E. Capital continued to place calls to them on their cellular telephones, using an "automated telephone dialing system," seeking to collect the alleged debt owed by Mr. and Mrs. Fallesen. Thereafter, G.E. Capital transferred collection of the alleged debt to Allied and Allied continued making automated telephone calls to Mr. andMrs. Fallesen's cellular telephones.

21. On a few occasions, Mr. and Mrs. Fallesen answered Defendants' telephone calls in order to advise them to cease calling on their cell phones.

However, Mr. and Mrs. Fallesen were unable to speak with a live human representative as Mr. and Mrs. Fallesen was routinely greeted by "dead air" on the other end of the call.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

22.     Mr. and Mrs. Fallesen repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-21.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq. Pursuant to 47 U.S.C. section 227(b)(3)(B), Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation.

24.     Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

25.     Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-21.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

27. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 et seq., Mr. and Mrs. Fallesen are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

28. Mr. and Mrs. Fallesen are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Fallesen request judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

1. As a result of Defendants' negligent violations of 47 U.S.C. section 227(b)(1), Mr. and Mrs. Fallesen are entitled to and requests the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2. An injunction directing Defendants to cease calling Mr. and Mrs. Fallesen's cellular telephones using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

1. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Mr. and Mrs. Fallesen are entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

2. An injunction directing Defendants to cease calling Mr. and Mrs. Fallesen's cellular telephones using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all other relief that the Court deems just and proper.

Dated this 25th day of March, 2014.

ROBINSON BRADFORD LLP

By: _____
Matthew C. Bradford
ROBINSON BRADFORD LLP, Attorney for
Plaintiffs, Matthew and Jaime Fallesen

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ

*Fallesen v. General Electric Capital Corp, et al, 5:14-cv-583*

## JURY TRIAL DEMAND

Plaintiffs Matthew and Jaime Fallesen hereby request a jury trial on the claims of the complaint.

Dated this 25th day of March, 2014.

ROBINSON BRADFORD LLP

By: _____
Matthew C. Bradford
ROBINSON BRADFORD LLP
Attorney for Plaintiffs Matthew and
Jaime Fallesen

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ

*Fallesen v. General Electric Capital Corp, et al, 5:14-cv-583*